OPINION
{¶ 1} Appellant Michael Huff appeals his conviction and sentence in the Court of Common Pleas, Stark County, which classified him as a sexual predator. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 24, 2001, the Stark County Grand Jury indicted appellant on one count of statutory rape and one count of gross sexual imposition. The indictment charged appellant with sexually abusing a female victim, less than thirteen years of age, as a continuous course of conduct for a period of slightly over four years. Appellant initially pled not guilty. However, appellant later changed his plea to guilty, and on July 16, 2001, appeared before the trial court for a sentencing and classification hearing. At the conclusion thereof, appellant was sentenced to nine years for statutory rape, and four years for gross sexual imposition. Said terms were ordered to be served concurrently. Appellant was also classified as a sexual predator. A sentencing entry and a classification judgment entry were filed on July 19, 2001.
 {¶ 3} Appellant obtained leave to file a delayed appeal, and herein raises the following sole Assignment of Error:
 {¶ 4} "I. The trial court erred in finding that the appellant should be classified as a sexual predator."
 I. {¶ 5} In his sole Assignment of Error, appellant maintains the trial court erred when it classified him a sexual predator because the finding is not supported by the evidence. We disagree.
 {¶ 6} In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review the Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3)[1] sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 7} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 8} "(a) The offender's or delinquent child's age;
 {¶ 9} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 10} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 11} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 12} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 13} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 14} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 15} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 16} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 17} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 18} During the classification hearing, the trial court reviewed the court file, the presentence investigation report, and the victim impact statement. In classifying appellant a sexual predator, the trial court considered the above factors, indicating in the record the court's particular concern about the age variance between appellant and the girl victim (thirty-five through thirty-nine versus seven/eight to twelve), the pattern of abuse demonstrated by conduct ranging from fondling and masturbation to vaginal intercourse, and the fact that appellant stood in loco parentis as the live-in boyfriend of the victim's mother. It is undisputed that appellant the victim was a child, rather than an adult (see State v. Covill, Stark App. No. 2001CA00074, 2001-Ohio-1679, contrasting State v. Eppinger (2001), 91 Ohio St.3d 158), and appellant admitted he needed treatment for his problem. Tr. at 26. Ironically, the record also reflects appellant's apparent refusal to accept full responsibility for his actions (see R.C. 2950.09(B)(3)(j)):
 {¶ 19} "I am very truly sorry for breaking one of God's laws. I committed these crimes because I misinterpreted the way Beth acted around me.
 {¶ 20} "She would come downstairs in the basement where little Bonnie resided and change her panties and clothes in front of me and the way she always wore her panties and short T-shirt around the house at night she would lay on the couch with her legs propped up on the end of the couch.
 {¶ 21} "I allowed myself to give in to the temptation instead of getting help. I was in the wrong and I should have stopped when it started. * * *" Tr. at 25-26.
 {¶ 22} Therefore, based on all of the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2), and that there was competent, credible evidence to support the findings made by the trial court at the July 16, 2001 hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 23} Appellant's sole Assignment of Error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
Topic: Sexual Predator.
[1] The factors are no longer listed under R.C. 2950.09(B)(2); however, present R.C. 2950.09(B)(3) is nearly identical.